UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO SONORA-BARRON,<br><br>    Petitioner,<br><br>v.<br><br>GEORGINA PUENTES,<br><br>    Respondent. | No. 1:19-cv-00223-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Hugo Sonora-Barron, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. The matter is before the court for preliminary review. Petitioner seeks recalculation of his release date under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Petitioner contends that Section 102(b) of the Act entitles him to 54 days of good conduct time for each year of sentence imposed. The court should dismiss the petition because Section 102(b) of the Act has not yet become effective and petitioner has not exhausted his administrative remedies.

**I.    Effective Date**

Section 102(b)(1) of the First Step Act of 2018 will allow federal inmates to earn 54 days of good conduct time for each year of sentence imposed. Petitioner contends that Section 102(b)(1) of the Act became effective in December 2018 and that the Federal Bureau of Prisons ("BOP") must recalculate his release date according to the new law.

Section 102(b)(1) of the First Step Act of 2018 has not yet become effective. Section 102(b)(1) provides:

> (b) PRERELEASE CUSTODY.—
>
> (1) IN GENERAL.—Section 3624 of title 18, United States Code, is amended—
>
> (A) *in subsection* (b)(1)—
>
> << 18 USCA § 3624 >>
>
> (i) by striking ", beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," and inserting "of up to 54 days for each year of the prisoner's sentence *imposed* by the court,"
> . . . .

Pub. L. 115-391 § 102(b), 132 Stat. 5194 (emphasis added). Section 102(b) of the Act then provides that the amendments made by the "subsection" will take effect when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act:

> << 18 USCA § 3624 NOTE >>
>
> (2) EFFECTIVE DATE.—The amendments made by this *subsection* shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.
> . . . .

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194 § 102(b) (emphasis added). The term "subsection" refers to 18 U.S.C. § 3624(b)(1): Section 102(b)(1) of the Act provides that it is amending subsection (b)(1), and 18 U.S.C. § 3624(a) uses the same term to refer to 18 U.S.C. § 3624(b)(1). The text then appears to provide that the subsection—18 U.S.C. § 3624(b)(1)—will take effect when the Attorney General completes and releases the risk and needs assessment system under Section 101(a) of this Act, which does not require completion until 210 days after the Act's December 2018 enactment:

> Not later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system . . . .

The Attorney General has not yet completed or released on the Department of Justice website the risk and needs assessment system. *See generally* U.S. Dep't of Justice, www.justice.gov. Under the plain meaning of the text of Section 101(a), the deadline to release the risk and needs assessment system will not lapse before July 2019. Because the provision at issue—the amendment to subsection 18 U.S.C. § 3624(b)(1)—has not yet become effective, petitioner cannot succeed on his claim that the BOP must immediately recalculate his release date. *See Kornfeld v. Puentes*, No. 19-cv-263, 2019 WL 1004578, at *3 (E.D. Cal. Mar. 1, 2019).

## II. Exhaustion

Generally, federal courts require petitioners to exhaust all available administrative remedies before seeking relief under Section 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Failure to exhaust all available administrative remedies can result in the dismissal of a petition. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). The BOP allows informal resolution of inmate grievances, *see* 28 C.F.R. § 542.13, and has a formal three-level grievance review process, 28 C.F.R. § 542.10 *et seq*.

Here, the petition and attached exhibits indicate that petitioner has not exhausted all administrative remedies available before the BOP. Although we recognize that the BOP still has not implemented the measures adopting Section 102(b)(1) of the First Step Act, we are cognizant of the fact that prison officials can provide remedies on a case-by-case basis, and the government's recent efforts for informal resolution of petitions arising under the Act.

**Findings and Recommendations**

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, without prejudice.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: March 15, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202